IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDMUNDO SALGADO,

      Plaintiff,                                  No. CIV S-10-2660 JAM EFB PS

      vs.

WELLS FARGO BANK, et al.,

                                          <u>ORDER AND</u>
      Defendants.                     <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

        This case, in which plaintiffs are proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On December 27, 2010, defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss plaintiff's complaint, and noticed the motion to be heard on February 16, 2011. Dckt. No. 5.

        On February 8, 2011, because plaintiff had not filed either an opposition or a statement of non-opposition to the motion, the undersigned continued the hearing on the motion to March 23, 2011; ordered plaintiff to show cause, in writing, no later than March 9, 2011, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion; and directed plaintiff to file an opposition to the motion, or a statement of non-opposition thereto, no later than March 9, 2011. Dckt. No. 7. The undersigned further stated that "[f]ailure of plaintiff to file an opposition will be deemed a statement of non-

1

opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b)." *Id.*

Although the deadlines have now passed, the court docket reflects that plaintiff has not filed a response to the order to show cause, an opposition to the motion, or a statement of non-opposition to the motion. In light of plaintiff's failures, the undersigned will recommend that this action be dismissed for failure to prosecute the action and for failure to comply with court orders and Local Rules, and that Wells Fargo's motion to dismiss be denied as moot. *See* Fed. R. Civ. P. 41(b); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing date of March 23, 2011 on Wells Fargo's motion to dismiss, Dckt. No. 5, is vacated; and

2. The status (pretrial scheduling) conference currently set for hearing on May 25, 2011, is vacated.[1]

IT IS FURTHER RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action and to comply with court orders and Local Rules;

2. Wells Fargo's motion to dismiss, Dckt. No. 5, be denied as moot; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[1] As a result, the parties are not required to submit status reports as provided in the September 30 and December 27, 2010 orders. *See* Dckt. Nos. 2, 6. However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

2

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: March 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE